UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY A. KOSHNICK, | |
| Plaintiff, | Civil Action No. 20-cv-13818 (JXN) (ESK) |
| v. | OPINION |
| KEITH E. LYNOTT, et al | |
| Defendants. | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on three motions: (1) a motion by Defendants Keith E. Lynott, Jeffrey Beacham, and Shameikia Brown (collectively, the "Superior Court Defendants") to dismiss the Complaint [ECF No. 10]; (2) a motion by Cheryl Petroski and Anthony Corino (collectively, the "PSEG Defendants") to dismiss the Complaint [ECF No. 15];[1] (3) a motion for an order to stay and for a preliminary injunction ("emergent motion") [ECF No. 6] filed by *pro se* Plaintiff Jeffrey Koshnick ("Plaintiff"); and (4) a motion for preliminary injunction and stay filed by Plaintiff [ECF No. 37]. These matters are decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Defendants' motions to dismiss ("MTD") [ECF Nos. 10, 15] are **GRANTED** and Plaintiff's Complaint is dismissed with prejudice. Plaintiff's emergent motion [ECF No. 6] and motion for preliminary injunction and stay [ECF No. 37] are **DENIED.**

---

[1] The Superior Court Defendants and the PSEG Defendants will collectively be referred to as the "Defendants."

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**[2]

Plaintiff has instituted multiple lawsuits in both federal and state court, which arise from an alleged fraudulent transfer of beneficiary designations for various employee benefits of his late father, Robert Koshnick, through Robert's employment with PSEG. *See generally* Plaintiff's Complaint ("Compl.") and all attached exhibits, ECF No. 1. At the time of his passing in May of 2018, Robert had several employee benefits, including but not limited to an account under the PSEG 401(k) plan and life insurance coverage, which were sponsored by PSEG. *Id.* The pending lawsuits arising out of these operative facts are the following:

1. *Jeffrey Koshnick v. Lorna Koshnick and Graham Koshnick*, Docket No. ESX-L-8296-18 (hereafter referred to as the "2018 Koshnick Lawsuit").
2. *Jeffrey Koshnick v. Public Service Enterprise Group*, et al., Docket No. ESX-L-5022-20, which was removed to this Court and assigned Civil Action No. 2:21-00618 (JXN)(ESK) (hereafter referred to as the "2021 Koshnick Lawsuit").
3. *Jeffrey Koshnick v. Keith E. Lynott, et al.*, Civil Action No. 2:20-13818 (JXN)(ESK) (the "instant matter").

To provide context for the pending MTD, it is necessary to provide a brief synopsis of Plaintiff's Superior Court Complaints. The 2018 Koshnick Lawsuit involves Plaintiff's allegations that his mother, Lorna Koshnick, and his brother, Graham Koshnick, fraudulently accessed Robert's benefit plans and changed the beneficiary designations from Plaintiff to Lorna Koshnick, resulting in the improper payment of benefits. In the 2021 Koshnick Lawsuit, Plaintiff sued PSEG as plan sponsor of the 401(k) plan and the life insurance plan, Alight Solutions and Fidelity Workplace Services, LLC, as 401(k) plan third-party administrators and Met Life, Inc., as life insurance insurer.

---

[2] The factual background derives from Plaintiff's Complaint. *See* Compl., ECF No. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

In the instant matter, Plaintiff names as defendants Superior Court judges, Keith E. Lynott and Jeffrey B. Beacham; Superior Court employee Shamekia Brown; and PSEG employees, paralegal Cheryl Petroski and in-house counsel Anthony Corino. *See* Compl. at 2-3, ECF No. 1.[3] Here, Plaintiff asserts seven causes of action, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) in connection with certain discovery activities that occurred in the 2018 Koshnick Lawsuit. *Id.* at 4-7. Plaintiff's claims in connection with the 2018 Koshnick Lawsuit relate to: (a) the service of four subpoenas *duces tecum* on PSEG by Plaintiff; (b) PSEG's responses to said subpoenas; and (c) several alleged *ex parte* filings by the PSEG Defendants with the Superior Court of New Jersey. *See* Memorandum in Support of Motion to Dismiss ("PSEG Mem."), ECF No. 15-1 at 6.

The pertinent factual allegations that Plaintiff has asserted in support of his claims are as follows. On May 24, 2019, the Honorable Robert H. Gardner, J.S.C. entered an unopposed Order in the 2018 Koshnick Lawsuit, which compelled PSEG to provide information in response to Plaintiff's subpoena. ECF No. 1-6 (Exhibit F). On May 30, 2019, Defendant Corino forwarded *ex parte* communications to Judge Gardner, requesting that the May 24, 2019 Order be vacated and that the court consider PSEG's opposition to Plaintiff's motion to compel. ECF No. 1-7 (Exhibit G). On September 27, 2019, Plaintiff filed a motion to hold PSEG in contempt for non-compliance with the May 24, 2019 Order. ECF No. 1-12 (Exhibit L). On October 1, 2019, Defendant Corino forwarded *ex parte* communications to Judge Gardner that requested Judge Gardner to, in part, accept the letter in opposition to Plaintiff's motion to hold PSEG in Contempt, and renewed the request to vacate the May 24, 2019 Order. ECF No. 1-9 (Exhibit I). On October 17, 2019, Defendant Corino submitted a 35-page facsimile transmission to Judge Lynott, in the

---

[3] For sake of clarity, the Court cites to the page number listed in the ECF header.

care of Defendant Shamekia Brown, which confirmed a conversation between Defendant Petroski and Defendant Brown as to the transfer of the matter to Judge Lynott, and enclosed previous *ex parte* communications to the Court. ECF No. 1-10 (Exhibit J). Thereafter, Defendant Brown forwarded these communications to Judge Lynott and Judge Beachem, who used the communications to deny Plaintiff's motions. *See* Compl. at 25 ¶ 18; *Id.* at 28 ¶ 3; *Id.* at 29 ¶ 24. Plaintiff contends that "these *ex parte* communications violated the Plaintiff's Fifth and Fourteenth Amendment Rights by depriving him of his Civil Right To Due Process Of Law [sic]." *Id.* at 5.

The Superior Court Defendants moved to dismiss Plaintiff's Complaint in its entirety. In their motion to dismiss, the Superior Court Defendants contend that the suit must be dismissed upon absolute judicial immunity, Eleventh Amendment Immunity, and for failing to state a claim. Brief in Support of Defendants' Motion for Dismissal ("Superior Court Defs.' Br."), ECF No. 10-1. Thereafter, the PSEG Defendants moved to dismiss Plaintiff's Complaint, contending that the claims against them fail as a matter of law. Memorandum of Law in Support of Motion to Dismiss ("PSEG's Mem."), ECF No. 15-1.

On January 8, 2021, Plaintiff filed an emergent motion for an order to stay and for a preliminary injunction. In the motion, Plaintiff contends that he will suffer irreparable harm if the 2018 Koshnick Lawsuit is not stayed, and Judge Lynott and Judge Beachem are not removed from the 2018 Koshnick Lawsuit and the Superior Court matter, *Jeffrey Koshnick v. Public Service Enterprise Group*, *et al.*, Docket No. ESX-L-5022-20, which was removed to this Court and underlies the 2021 Koshnick Lawsuit. *See* Plaintiff's Emergent Motion, ECF No. 6 at 25. In response, the Superior Court Defendants argue that Plaintiff's emergent motion must be denied because "Plaintiff has failed to demonstrate that any of the four factors favor preliminary relief." Defendant's Brief in Opposition, ECF No. 7 at 6. Specifically, the Superior Court Defendants

4

argue that Plaintiff is unlikely to succeed on the merits because Judges Lynott and Beacham are absolutely immune from suit and not "persons" amendable to suit under 42 U.S.C. §§ 1983 or 1985.  *Id.* at 6-7.  On August 28, 2021, Plaintiff filed another motion for preliminary injunction and stay.  *See* ECF No. 37.  In his motion, Plaintiff seeks to enjoin the Honorable Thomas R. Vena, J.S.C., from presiding over the 2018 Koshnick Lawsuit and to preliminarily stay the matter.  *Id.*  The Superior Court Defendants filed their opposition, ECF No. 42, to which Plaintiff replied, ECF No. 43.  These motions are fully briefed and ripe for the Court to decide.

## II.  LEGAL STANDARD

### A.  Standard of Review under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be raised at any time.  *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437–38 (D.N.J. 1999).  Rule 12(b)(1) challenges are either facial or factual attacks.  *See* Moore's Federal Practice § 12.30[4] (3d ed. 2007).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  *Iwanowa*, 67 F. Supp. 2d at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  *Id.*  The jurisdictional arguments made here are based on the allegations of the complaint.  Accordingly, the Court will take the allegations of the complaint as true.  *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### B.  Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, Civ. No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Moreover, where a Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, Civ. No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### C. <u>Preliminary Injunction Standard</u>

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  "A plaintiff seeking a preliminary injunction

must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Ferring*, 765 F.3d at 210 (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The first two factors are the "most critical," and the Court considers these "gateway factors" before the third and fourth factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Only if a plaintiff meets the threshold for these gateway factors does the Court consider the remaining factors; a plaintiff's failure to establish the gateway factors in its favor renders a preliminary injunction inappropriate. *Id.*

### III. DISCUSSION

The Superior Court Defendants argue that the suit must be dismissed upon absolute judicial immunity, Eleventh Amendment Immunity, and other defenses. The PSEG Defendants contend that claims against them must be dismissed because the claims fail as a matter of law. The Court will discuss Defendants' arguments in turn.

#### A. Superior Court Defendants' Motion to Dismiss

##### i. Judicial Immunity

It has long been held that members of the judiciary are entitled to absolute immunity from suits based upon the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 347 (1872). Judicial immunity was established to permit judges to render decisions "with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotation marks and citation omitted), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful

incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226-27 (1988).  Accordingly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57; *see also Bradley*, 80 U.S. at 351.  Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.  "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11.  "First, a judge is not immune from liability for non-judicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.*  In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

      Neither exception applies here.  Plaintiff's allegations do not suggest that the judges engaged in nonjudicial acts or took any actions in the clear absence of all jurisdiction.  To the contrary, Plaintiff takes issue with Judge Lynott's and Judge Beachem's judicial acts – the granting and denying of motions, and the handling of court communication with the parties – in the 2018 Koshnick Lawsuit, to which the judges were assigned.  The nature of these actions is such that they are normally performed in their judicial capacity as judges in the Superior Court of New Jersey.  Moreover, Plaintiff's allegations do not support an assertion that the judge's actions were not an appropriate exercise of jurisdiction over the pending proceedings.  Accordingly, Judge Lynott and Judge Beachem are entitled to complete judicial immunity.  *See Quinonez v. Camden*

8

*Cty. Prison Sys.*, No. 17-cv-00179(JBS)(AMD), 2017 WL 1591848, at *2 (D.N.J. May 1, 2017) (finding that "judges of the Courts are [] entitled to complete judicial immunity" when the plaintiff did not set forth facts to demonstrate that one of the exceptions apply).

### ii. Quasi-Judicial Immunity

This Court's conclusion that Judges Lynott and Beachem are entitled to judicial immunity in turn demands that Ms. Brown be accorded quasi-judicial immunity. *Gallas v. Supreme Court*, 211 F.3d 760, 772–73 (3d Cir. 2000) (finding personnel who act on behalf of a judicial official are also entitled to quasi-judicial immunity for these acts). "The fair administration of justice depends not only on judges, however, and these same concerns apply to 'certain others who perform functions closely associated with the judicial process.'" *Russell v. Richardson*, 905 F.3d 239, 248 (3d Cir. 2018) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). "For that reason, so-called 'quasijudicial' immunity has been extended over time to protect a range of judicial actors . . .." *Id*. Where "the defendant is directly involved in the judicial process, he may receive immunity in his own right for the performance of a discretionary act or he may be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge." *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975).

Here, the only allegations against Ms. Brown are that she conspired and conferred with the PSEG Defendants to have communications sent to Judge Lynott. *See* Compl. at 10 ¶ 2; *Id.* at 19 ¶ 8. Such actions, if they occurred, are undoubtedly a part of Ms. Brown's day-to-day judicial duties as a secretary working under the direction of the judge and acting as an intermediary between the Court and parties involved in the 2018 Koshnick Lawsuit. It is well settled law in the Third Circuit that a defendant "directly involved in the judicial process" may receive immunity "because he is performing a ministerial function at the direction of the judge." *Waits*, 516 F.2d at 206. Thus, Ms.

Brown is entitled to immunity. Accordingly, Plaintiff's claims against Ms. Brown must be dismissed.

### iii. Eleventh Amendment Immunity

Alternatively, the Superior Court Defendants argue that this Court lacks subject matter jurisdiction over them because the Superior Court Defendants are entitled to Eleventh Amendment Immunity. Superior Court Defs.' Br. at 10. It is well-established that judges and court employees of the Superior Court of New Jersey are entitled to Eleventh Amendment immunity from suit in federal court, including from claims alleging violation of 42 U.S.C. §§ 1983 and 1985(3). *See Onyiuke v. New Jersey State Supreme Court*, 435 F.Supp.2d 394, 401 (D.N.J. 2006), aff'd in part and vacated in part, 242 Fed. App'x 794, 795 (3d Cir. June 19, 2007); *Dey-El v. Rosenberg*, No. 2:14-cv-07091 (SDW), 2015 WL 4391399, at *3 (D.N.J. July 15, 2015). The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. As previously stated, Judge Lynott, Judge Beachem and Ms. Brown were acting within the scope of their duties as members of the state judiciary. The Superior Court of New Jersey and its agents are entities of the State of New Jersey, and thus, the Superior Court Defendants are all agents of the State of New Jersey. The Superior Court Defendants are being sued by Plaintiff, a Pennsylvania citizen. *See* Compl. at 2. The Eleventh Amendment bars federal lawsuits "against one of the United States by Citizens of another State." *Tung v. Superior Ct. of New Jersey*, 854 F. App'x 443, 444 (3d Cir. 2021) (citing U.S. Const. amend. XI). As a result, the Superior Court Defendants are cloaked with Eleventh Amendment immunity. Accordingly, the Court will alternatively dismiss the Complaint pursuant to Rule 12(b)(1). Thus, all claims asserted against Judge Lynott, Judge Beachem and Ms. Brown will be dismissed on this alternative ground as well.

### iv. Failure to State Sections 1983 and 1985 Claims against the Superior Court Defendants

The Superior Court Defendants assert in the alternative that Plaintiff's Complaint must be dismissed for failing to satisfy the federal pleading requirements. More specifically, the Superior Court Defendants contend that officials acting in their official capacities are not considered "persons" amendable to suit under 42 U.S.C. §§ 1983 and 1985. ECF No. 10-1 at 12. The Court agrees and will dismiss the Complaint on this basis as well.

42 U.S.C. § 1983 states: "every *person* who, under color of any state . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . " (emphasis added). Section 1985 imposes liability "if two or more *persons*" conspire to interfere with civil rights in a manner enumerated therein. *Id.* § 1985 (emphasis added). The Third Circuit construes the term "person" to have the same meaning under both statutes. *See Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 854 n.3 (3d Cir. 2014). In *Hafer v. Melo*, 502 U.S. 21 (1991), the Supreme Court noted that state officials sued in their individual capacity are "persons" within the meaning of Section 1983, and the Eleventh Amendment does not bar such suits. *Id.* at 31. The Court also noted that absolute immunity was still retained by "judges carrying out their judicial functions, 'whose special functions or constitutional status requires complete protection from suit.'" *Id.* at 29. In short, it is well settled law that state officials acting in their official capacities are not "persons" capable of being sued for civil rights under Sections 1983 or 1985. *See id.*; *see also Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) ("Neither the Florida Department of Revenue as a state agency, nor defendants [Judge] Birken, Feldman, [Judge] Mallozzi, and [Judge] Isenhour as state officials in their official capacities, are 'persons' capable of being sued for civil rights violations under § 1983."); *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 70-71 (1989) (holding that while state officials literally are persons, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

As previously stated, Judge Lynott, Judge Beachem and Ms. Brown were acting within the scope of their duties as members of the state judiciary. Thus, they are not "persons" under § 1983 and are immune from Plaintiff's claims. Since the Superior Court Defendants are immune from the § 1983 claims, they are also immune from Plaintiff's conspiracy claims brought under 42 U.S.C. § 1985(3). *See Downey v. Coal. Against Rape & Abuse, Inc.*, 143 F. Supp. 2d 423, 453 (D.N.J. 2001), *aff'd,* 142 F. App'x 645 (3d Cir. 2005) ("The § 1983 qualified immunity analysis applies equally to claims brought against public officials under § 1985; if an official is immune from suit under § 1983, that official also is immunized from suit under § 1985(3)."). Accordingly, Plaintiff's claims against the Superior Court Defendants must be dismissed pursuant to Rule 12(b)(6).

### B. PSEG Defendants' Motion to Dismiss

#### i. Failure to State a § 1983 Claim against the PSEG Defendants

The PSEG Defendants contend that the § 1983 claims asserted against them must fail because they are not state actors and never acted under the color of state law when dealing with the Superior Court of New Jersey in connection with the 2018 Koshnick Lawsuit. PSEG's Mem., ECF No. 15-1 at 11. "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (citing *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006)). As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. *West v. Atkins*, 487 U.S. 42, 48 (1988). The color of state law element is a threshold issue; there is no

liability under § 1983 for those not acting under color of law. *Versarge v. Township of Clinton, N.J.*, 984 F.2d 1359, 1363 (3d Cir. 1993).

Plaintiff's Complaint contains no suggestion that the PSEG Defendants were sued in any capacity other than as private citizens that work for a private entity. Thus, Plaintiff's § 1983 suit against the PSEG Defendants fails because he has not alleged that the PSEG Defendants are state officials or that they exercised state power. The PSEG Defendants limited participation in the 2018 Koshnick Lawsuit, by itself, does not convert their involvement into action that can be "fairly attributed to the state itself." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Accordingly, Plaintiff's § 1983 claims as to the PSEG Defendants must be dismissed.

### ii. Failure to State a § 1985(3) Claim against the PSEG Defendants

Plaintiff's Complaint also asserts § 1985(3) claims against the PSEG Defendants. Compl. at 7-14. In order to plead conspiracy under § 1985(3), a complaint must contain facts that plausibly allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons equal protection under the law or equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) injury to a plaintiff's property or his person, or deprivation of a right or privilege of a U.S. citizen. *See McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

As previously stated, the PSEG Defendants are private individuals, not state actors. The Supreme Court has recognized only two rights as protected by § 1985(3) against private conspirators: the right to be free from involuntary servitude and the right to interstate travel. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001). Plaintiff does not allege that the PSEG Defendants conspired to deprive him of either. Instead, the Complaint alleges that the PSEG Defendants conspired to have *ex parte* communications sent to the judges presiding over the 2018 Koshnick Lawsuit. Plaintiff has not cited any authority, and we cannot find any, to extend §

1985(3) to prevent *ex parte* communications from being shared with a judicial officer. Thus, Plaintiff's § 1985 claims against the PSEG Defendants must be dismissed.

### C.     Plaintiff's Emergent Motion

Plaintiff filed an emergent motion for an order to stay and for a preliminary injunction contending that he will suffer irreparable harm if the 2018 Koshnick Lawsuit is not stayed, and Judge Lynott and Judge Beachem are not removed from the 2018 and 2021 Koshnick Lawsuits. Plaintiff's Emergent Motion, ECF No. 6 at 25. "A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Ferring*, 765 F.3d at 210 (quoting *Winter*, 555 U.S. at 20). Because the Court finds that Plaintiff's Complaint must be dismissed upon absolute judicial immunity, Eleventh Amendment Immunity, and for failing to state a claim, Plaintiff cannot demonstrate that he is likely to succeed on the merits. Consistent with Third Circuit precedent, this Court need not analyze every factor of the preliminary injunction analysis because Plaintiff has not established a likelihood of success on the merits, among other factors.[4] *See Am. Express Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 374 (3d Cir. 2012) (declining to address the remaining preliminary injunction factors when the plaintiff failed to meet one factor). Accordingly, Plaintiff's emergent motion is denied.

### D. Plaintiff's Motion for Preliminary Injunction

On August 27, 2021, Plaintiff filed another motion for preliminary injunction and stay. *See* ECF No. 37. In his motion, Plaintiff seeks to enjoin the Honorable Thomas R. Vena, J.S.C., from

---

[4] The Court notes that in his moving papers, Plaintiff does not address three of the four factors preliminary injunction factors. Plaintiff's motion should be dismissed for that reason alone. *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.).

presiding over the 2018 Koshnick Lawsuit and to preliminarily stay the matter. *Id.* Because the Court is dismissing the instant matter in its entirety, Plaintiff's motion for a preliminary injunction is denied. The Court declines to consider the merits of Plaintiff's motion. *See, e.g.*, *Luellen v. Luellen*, No. 12-cv-496, 2013 WL 1182958, at *5 n.9 (W.D. Pa. Mar. 21, 2013) (denying motion for preliminary injunction where complaint is dismissed in its entirety).

IV. **CONCLUSION**

For the foregoing reasons, the Defendants' motions to dismiss [ECF Nos. 10, 15] are **GRANTED** and Plaintiff's Complaint is dismissed with prejudice.[5] Plaintiff's emergent motion [ECF No. 6] and motion for a preliminary injunction and stay [ECF No. 37] are **DENIED**. An appropriate Order accompanies this Opinion.

DATED: October 15, 2021

s/ Julien Xavier Neals
Julien Xavier Neals
United States District Judge

---

[5] Because an amendment will not cure Plaintiff's Complaint, Plaintiff's Complaint is dismissed with prejudice.